IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-CR-665 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| NORMAN GILL, JR., | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is Defendant Norman Gill, Jr.'s ("Defendant') Motion to Reconsider Fine filed on March 20, 2024 ("Defendant's Motion"). (Doc. No. 32.) On March 28, 2024, the United States of America filed a Memorandum in Support, to which Defendant replied on April 4, 2024. (Doc. Nos. 34, 35.) For the reasons set forth below, Defendant's Motion is DENIED.

At the sentencing hearing on March 7, 2024, the Court sentenced Defendant to 18 months imprisonment and three years of supervised release and imposed a fine of $5,000 or a below-guidelines range fine.[1] (Doc. No. 28.) At the hearing, Defendant raised an objection to the imposition of the $5,000 fine, arguing that he did not have the current ability to pay the fine. However, the Court based its imposition of the $5,000 fine upon what it concluded was Defendant's future ability to pay a fine. Specifically, the Court based this conclusion on Defendant's young age of 26,[2] his current employment status as a forklift operator at Jiffy Products of America in Lorain, Ohio,[3] his

---

[1] The Guidelines fine range is $10,000 to $95,000. (Presentence Investigation Report, Doc. No. 23 SEALED, PageID # 97.)

[2] (*Id.*, PageID # 85.)

[3] (*Id.*, PageID # 95) Also, in Defendant's Sentencing Memorandum, Defendant is described as a "valued worker at this current job, where he has been employed for more than a year-and-a-half." Moreover, attached to Defendant's Sentencing Memorandum as Exhibit A is a letter of support from his employer, describing Defendant as "dependable, reliable, and

employment history to include his employment at Doubletree Hotel, McDonalds, DK Landscaping, and Penn Station,[4] his training and certifications,[5] and Defendant's representations during the hearing that he planned on continuing to work to provide for his family. The Court also explained that Defendant would be able to make payments towards the fine, to include paying 25% of his gross income per month, through the Federal Bureau of Prisons Inmate Financial Responsibility program; if a balance remained post-release from prison, payment would begin 60 days thereafter in monthly payments of at least a minimum of 10% of Defendant's gross monthly income during the term of supervised release and thereafter as prescribed by law. (Doc. No. 28, PageID # 146.)

In Defendant's Motion, Defendant requests that this Court reconsider and modify its sentence by eliminating or reducing the $5,000 fine it imposed upon Defendant, ultimately relying on Rule 35 of the Federal Rules of Criminal Procedure, which reads: "Within 14 days after sentencing, the court may correct a sentence that resulted arithmetical, technical, or other clear error." However, the Court rejects Defendant's argument that the imposition of the $5,000 fine was a result of arithmetical, technical, or other clear error. Indeed, as the Sixth Circuit has cautioned, "[t]he authority to correct a sentence conferred by Rule 35(a) is 'extremely limited.'" *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008), quoting *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 1006.) This Court's imposition of the $5,000 fine was based upon its evaluation of Defendant's future ability to pay the

---

very respectful to his superiors and teammates," and also as an asset to the company's production team. (Doc. No. 27-1, PageID # 137.) At the beginning of the sentencing hearing, the Court stated that it had reviewed the PSR and the Defendant's Sentencing Memorandum and attachments thereto.

[4] (PSR, SEALED, Doc. No. 23, PageID #s 94-95; and Defendant's Sentencing Memorandum, Doc. No. 27, PageID # 130, wherein Defendant asserts that he has "maintained stable employment.")

[5] Defendant received a certificate in the culinary arts from Job Corps in 2015; he completed a workforce development program with Youth Opportunities Unlimited in Cleveland, Ohio in 2018; in October 2023, Defendant completed an occupational safety program; and he was certified to operate a forklift by Jiffy Products of America. (PSR, Doc. No. 23, PageID # 94.) (Defendant's Sentencing Memorandum, Doc. No. 27, PageID # 130.)


fine, and there is no time limit within which he must do so. The making of payments towards and Defendant's satisfaction of the fine is not limited to his period of incarceration, or his term of supervised release, but beyond, "as prescribed by law."

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date:  April 11, 2023

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE